J-A19045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| G.B. ON BEHALF OF P.B., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| C.S. | : | No. 582 EDA 2017 |

Appeal from the Order entered January 25, 2017
in the Court of Common Pleas of Bucks County,
Civil Division, No(s):  A06-16-62302-A

BEFORE:  BENDER, P.J.E., DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED OCTOBER 27, 2017**

G.B., on behalf of P.B., appeals from the Order denying G.B.'s Petition for Protection of Victims of Sexual Violence.  We affirm.

In its Opinion, the trial court set forth the relevant factual and procedural background, as follows:

> On December 5, 2016, [G.B.] filed a "Petition for Protection of Victims of Sexual Violence Against a Minor Child." On that day, a Temporary Order was entered by the Honorable Raymond F. McHugh, awarding [G.B.] Protection from Abuse until December 14, 2016.  On December 14, 2016, the parties agreed to continue the matter until December 28, 2016.  On December 28, 2016, another Temporary Order was entered by [the trial c]ourt, set to expire on January 25, 2017.  On January 25, 2017, a hearing was held[,] and the "Petition for Protection of Victims of Sexual Violence Against a Minor Child" was denied and dismissed on the grounds that the conduct alleged [had] occurred prior to the enactment of the applicable statute.  On February 6, [G.B.] filed [] her Notice of Appeal ….

Trial Court Opinion, 3/28/17, at 1-2 (paragraph formatting omitted)

On appeal, G.B. raises the following issue for our review:

Did the trial court commit an error of law when it dismissed [G.B.'s] civil Petition for Protection from Sexual Violence and Intimidation for the **sole** reason that the conduct alleged in the Petition, and admitted to by [C.S.] at the January 25, 2017, hearing, occurred two (2) months prior to the enactment of the Victims of Sexual Violence Act [("the Act")]?[1]

Brief for Appellant at 6 (emphasis in original, footnote added).[2]

G.B. contends that the Act seeks to protect victims from offenders into the future, *after* sexual violence has already occurred. *Id*. at 12. G.B. asserts that she satisfied the two-prong test for relief under the Act by proving that P.B. is (1) a victim of sexual violence committed by C.S.; and (2) at continued risk of harm from C.S. *Id*. at 13. G.B. concedes that (1) the conduct alleged in the Petition occurred prior to July 1, 2015, which is the effective date of the Act; and (2) "[t]he trial court did not[] explicitly[] find that [P.B.] proved by a preponderance of the evidence that she is at continued risk of harm from [C.S.]." *Id*. at 13-14. Nevertheless, G.B. claims that, "but for the sexual assault occurring prior to July 1, 2015, [P.B.'s] Petition would have been granted." *Id*. at 14. G.B. argues that, on

---

[1] *See* 42 Pa.C.S.A. §§ 62A01, *et seq*.

[2] In its Pa.R.A.P. 1925(a) Opinion, the trial court postulates that G.B.'s issue on appeal has been waived because she failed "to insure that the original record certified for appeal contains sufficient information to conduct a proper review" by paying a deposit for the cost of transcribing the January 25, 2017 hearing. *See* Trial Court Opinion, 3/28/17, at 2 (citation omitted). However, G.B. has apparently corrected this problem, as the transcript of the hearing is included in the certified record on appeal. We will, therefore, address G.B.'s issue on appeal.

the date the Act became effective, P.B. was still "injured" and in fear of C.S. *Id*. at 15.

G.B. further contends that, prior to December 5, 2016, P.B. "had little need for the protection offered through the [] Act" because one of the conditions of C.S.'s probation was that he have no contact with P.B. *Id*. at 17. G.B. points out that, in December of 2016, C.S.'s probation officer unsuccessfully recommended that C.S. be removed from probation. *Id*. G.B. asserts that "it is anticipated and likely that [C.S.'s] criminal matter will be terminated, and the no-contact restriction removed, in June of [2017]." *Id*. G.B. claims that "the risk of harm from [C.S.] has increased significantly now that there will no longer be a legal impediment deterring [C.S.] from contacting [P.B.,]" thereby creating post-enactment events warranting relief under the Act. *Id*. at 18.

Here, the trial court determined that the Act did not apply retroactively to the conduct alleged in the Petition. *See* N.T., 1/25/17, at 49-50. It is well-settled that "[n]o statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." 1 Pa.C.S.A. § 1926. G.B. has pointed to no provision within the Act which clearly and manifestly indicates an intention by the General Assembly that the Act should apply retroactively to sexual assaults committed prior to its enactment. Our review reveals none. *See* 42 Pa.C.S.A. § 62A01, *et seq*. Accordingly, we affirm the trial court's Order denying the Petition.

J-A19045-17

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2017